782 So.2d 575 (2001)
Angela JURADO
v.
George Hyot BRASHEAR.
No. 2000-C-1306.
Supreme Court of Louisiana.
March 19, 2001.
*576 David P. Oliver, Counsel for Applicant.
Mary C. Devereux, Covington, LA, Counsel for Respondent.
LEMMON, Justice.
The principal issue presently before the court in this child support action is whether the Louisiana court that originally issued the child support order retained continuing exclusive jurisdiction under La. Ch. Code arts. 1301.1-1308.2, after both parents and the children had relocated to other states, not only to enforce the Louisiana order, but also to modify that order.

Facts
George Brashear and Angela Jurado are the parents of two children born out of wedlock in Louisiana in 1985 and 1988. Brashear never disputed paternity, but the parties did litigate custody and child support in 1995 in the district court in St. Tammany Parish. At the time of the litigation, Jurado and the children were residing in St. Tammany Parish, and Brashear had been residing in Mississippi since 1992.
The district court rendered a consent judgment in 1995 granting Jurado sole custody of the two children, with reasonable visitation rights to Brashear, and ordering Brashear to pay child support, maintain medical insurance and pay certain medical expenses. For about two years thereafter, Brashear complied with the consent judgment by making child support payments.
In April 1997, Jurado and the children moved to Ohio. Six months later, Jurado filed a rule in St. Tammany Parish to increase child support based on an alleged increase in Brashear's income. Brashear, who was served in Mississippi pursuant to the Louisiana Long-Arm Statute, made a special appearance and excepted to the jurisdiction of the Louisiana court to increase child support. The trial court overruled the exception, and Brashear then filed a rule for change of custody.
After a hearing, the trial court rendered a judgment increasing child support to $1,046 per month and awarding Jurado $3,344 in past due child support payments. The court also maintained sole custody with Jurado, but increased Brashear's visitation rights.
The court of appeal affirmed. 98-2729 (La.App. 1st Cir.4/17/00), 764 So.2d 1066. The court held that the Louisiana court had continuing, exclusive jurisdiction to enforce the support order it had issued. The decision further held that the district court also retained continuing, exclusive jurisdiction to modify the support order, even though both parents and the children no longer resided in Louisiana, until that order was registered in another state for the purpose of obtaining a modification.[1]
This court granted Brashear's application for certiorari to address this issue of first impression, particularly as to jurisdiction *577 to modify the order. 00-1306 (La.6/23/00),765 So.2d 345.

Jurisdiction Generally
Jurisdiction, a term with multiple meanings, primarily indicates the power to adjudicate. See La.Code Civ. Proc. art. 1 (defining jurisdiction as a court's legal power and authority to hear an action and grant relief). Subject matter jurisdiction, defined by La.Code Civ. Proc. art. 2 as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted," is an essential element for every civil action.
In every civil case in Louisiana, the court must have not only subject matter jurisdiction, but also either (1) personal jurisdiction under La.Code Civ. Proc. art. 6, (2) property jurisdiction under La.Code Civ. Proc. art. 8 or 9, or (3) status jurisdiction under La.Code Civ. Proc. art. 10.
In the present case, although Brashear asserts the lack of subject matter jurisdiction, the district court in St. Tammany Parish clearly had subject matter jurisdiction under La. Const. art. V, § 16(A) to adjudicate the particular class of action, i.e., child support, and in fact adjudicates this type of action every day. Thus the exception to subject matter jurisdiction was properly overruled.
The critical jurisdictional issue in this case is whether the St. Tammany court had personal jurisdiction under La.Code Civ. Proc. art. 6[2] and La. Ch.Code arts. 1301.1-1308.2 to render a judgment increasing Brashear's personal obligation to pay additional child support.

The Louisiana Uniform Interstate Family Support Act
Prior to 1995, interstate child and spousal[3] support was governed by the Uniform Reciprocal Enforcement of Support Act (URESA). See former La. Ch.Code arts. 1301-1342, repealed in 1995. Under URSA, when one state made a support award and a second state subsequently modified the award, the effect was to create two conflicting awards. The result was that multiple and conflicting support orders frequently were in effect in several states at the same time.
In 1995, the Louisiana Legislature repealed URESA and adopted the Uniform *578 Interstate Family Support Act (UIFSA), which followed the provisions of the Model Act promulgated by the National Conference of Commissioners on Uniform State Laws.[4] The primary purpose of UIFSA was to eliminate multiple and inconsistent support orders by establishing a principle of having only one controlling order in effect at any one time. This principle was implemented by a definitional concept called "continuing, exclusive jurisdiction," under which the state that issues the support order (the issuing state) retains exclusive jurisdiction over the order, until specified conditions occur which provide a basis for jurisdiction in another state.
La. Ch.Code art. 1302.5 (which mirrors Section 205 of the Model Act) provides the concept of continuing, exclusive jurisdiction, in part, as follows:
A. A tribunal of this state issuing a support order consistent with the laws of this state has continuing, exclusive jurisdiction over a child support order as follows:
(1) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued.
(2) Until all of the parties who are individuals have filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.[5]
B. A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this Chapter or a law substantially similar to this Chapter.
C. If a child support order of this state is modified by a tribunal of another state pursuant to this Chapter or a law substantially similar to this Chapter, a tribunal of this state loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this state, and may only:
(1) Enforce the order that was modified as to amounts accruing before the modification.
(2) Enforce nonmodifiable aspects of that order.
(3) Provide other appropriate relief for violations of that order which occurred before the effective date of the modification.
D. A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this Chapter or a law substantially similar to this Chapter. (emphasis added).
As a complement to Article 1302.5, La. Ch.Code art. 1306.11 (corresponding to Section 611 of the Model Act) establishes the conditions under which the continuing, exclusive jurisdiction of the issuing state is released, providing in part:
A. After a child support order issued in another state has been registered *579 in this state, the responding tribunal of this state may modify that order only if Article 1306.13 [jurisdiction to modify child support order of another state when all individual parties reside in this state and the child does not reside in the issuing state] does not apply and, after notice and hearing, it finds that either:
(1) All of the following requirements are met:
(a) The child, the individual obligee, and the obligor do not reside in the issuing state.

(b) A petitioner who is a nonresident of this state seeks modification.
(c) The respondent is subject to the personal jurisdiction of the tribunal of this state. (emphasis added).

Establishment, Enforcement and Modification of Support Order under UIFSA
The scheme of the UIFSA is for a court with personal jurisdiction[6] over the obligor to establish a support order and to retain jurisdiction to enforce[7] or modify the order until the occurrence of certain conditions which terminate jurisdiction in the issuing state and provide the basis for jurisdiction in another state. Once a support order is established, the issuing court retains continuing, exclusive jurisdiction under La. Ch.Code art. 1302.5 A (1) until the obligor, the individual obligee and the child all establish a residence outside of the issuing state; or (2) until all consent in writing to assumption of continuing, exclusive jurisdiction by another state; or (3) until the court of another state modifies the order of the issuing state in accordance with UIFSA.
If only one state has issued a child support order, that order controls and must be so recognized. La. Ch.Code art. 1302.7. However, if the issuing state loses continuing, exclusive jurisdiction (such as when the obligor, the obligee and the child all relocate to another state), and no party takes actions to establish jurisdiction in another state (which would be the responding state if such action had been taken), two separate questions arise: (1) whether the court of the issuing state may enforce the order that it issued and (2) whether that court may modify the order.
In the present case, the court of appeal, citing Linn v. Delaware Child Support Enforcement, 736 A.2d 954 (Del.1999), held that although the parents and children had all changed residences, no other state had assumed continuing, exclusive jurisdiction in accordance with La. Ch. Code arts. 1306.9-1306.14, and Louisiana, as the issuing state, therefore retained jurisdiction to enforce the order.[8] We agree with the Linn decision (which did not involve the issuing state's jurisdiction to modify an existing order) and with that portion of the decision of the court of *580 appeal in the present case.[9]
We disagree, however, with the portion of the intermediate court's extension of Linn to encompass jurisdiction to modify a support order.
The court of appeal admitted, quoting Jane E. Atkinson & Laura W. Morgan, The Uniform Interstate Family Support Act: 1999 Comprehensive Update, 11 No. 9 Divorce Litig. 173, § II(B)(1)(1999), that:
Although UIFSA is not entirely clear on this point, official comments show that the drafters believed that an issuing court would lose ... jurisdiction to modify its order after the obligor, the obligee, and all of the children permanently relocated outside of the state. UIFSA 205 cmt. A majority of courts which have addressed this issue agree that the issuing court does not retain jurisdiction to modify a child support order after all of the participants have left the state. (emphasis added).
The comments by the drafters of the Uniform Act clearly show that the issuing court cannot modify a child support order after the obligor, obligee and child all leave the state permanently. Pointing to Section 205 of the Model Act, which provides that the court issuing a support order retains continuing, exclusive jurisdiction over the order "[a]s long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued," the drafters reasoned that the converse also applies:
[I]f all of the relevant personsthe obligor, the individual obligee, and the childhave permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify.

Unif. Interstate Family Support Act § 205 cmt., 9 U.L.A. 285-86 (1996)(emphasis added).
In Louisiana, Article 1302.5 provides for both the retention and the loss of continuing, exclusive jurisdiction by the issuing state. When the issuing state has lost continuing, exclusive jurisdiction over an order by the removal of all relevant persons,[10] modification of the child support order must be accomplished in another state with authority to do so under the Act.[11] The issuing state has no current information about the circumstances of the parties which would warrant modification, and there is no reason for that state to spend public funds on the process. See Unif. Interstate Family Support Act § 205 cmt., 9 U.L.A. 286 (1996).
Significantly, there is no limbo situation, as feared by the court of appeal, when both parents and the child move out of the issuing state. The court of the issuing state retains jurisdiction to enforce its order, but not to modify the order. If either party desires modification, the burden is on that party to take appropriate action in *581 the appropriate state.[12] When the obligor wishes to reduce his or her obligation, the reduction must be sought in the obligee's state of residence; when the obligee wishes an increase in support, that increase must be sought in the obligor's state of residence.[13] Unif. Interstate Family Support Act § 611 cmt., 9 U.L.A. 371 (1996). A party (obligor or obligee) who wishes to modify a support order and fails to take appropriate action to establish continuing, exclusive jurisdiction in another state cannot, by the party's inaction, maintain jurisdiction in the issuing state after all interested persons have established residences elsewhere.[14]
A learned treatise on jurisdiction explains:
A tribunal issuing a child-support order has continuing exclusive jurisdiction as long as the obligor, the obligee or the child continues to reside in the state, or until all parties file with the issuing court a written consent for a tribunal of another state to assume continuing exclusive jurisdiction. If all parties move to another state, it then acquires (and the issuing state loses) continuing exclusive jurisdiction to modify the order. If the issuing state is no longer the residence of the child or any party, and the parties reside in different states, the party seeking modification (obligor or obligee) must do so in the other party's state of residence.

2 Robert C. Casad & William B. Richman, Jurisdiction in Civil Actions § 9-2 (3d ed. Supp. 2000)(emphasis added).

Application of UIFSA in this Case
The Louisiana court had personal jurisdiction over Brashear when it issued the support order, and the court retained continuing, exclusive jurisdiction to enforce or modify the order until Jurado and the children changed their residence to Ohio. When that move occurred, the Louisiana court's continuing, exclusive jurisdiction over the order terminated. However, the order remains in effect and is enforceable until it is modified by the court of another state with authority to do so under the Act. See Unif. Interstate Family Support Act § 611 cmt., 9 U.L.A. 371 (1996).
Jurado does not seek enforcement of the order, however. Jurado seeks modification in the form of an increase in the amount of Brashear's personal obligation to pay child support. Because she seeks modification in a state which no longer has jurisdiction to modify the order, her request for modification should have been dismissed.[15]

*582 Decree

The portion of the judgments of the lower courts upholding the jurisdiction of the Louisiana court to modify the child support order and increasing Brashear's child support obligation is reversed. In all other respects, the judgments of the lower courts regarding child support are affirmed.
NOTES
[1] Without assignments of error, Brashear complained on appeal about the district court's jurisdiction over the custody order he had challenged after his exception to jurisdiction over the support order was overruled. Although the court of appeal addressed the custody jurisdiction issue, Brashear did not mention the issue in his application for certiorari. We accordingly do not address custody jurisdiction, but this should not be taken as approval of the ruling of the court of appeal on this issue.
[2] Personal jurisdiction refers to "the legal power and authority of a court to render a personal judgment against a party to an action or proceeding." La.Code Civ. Proc. art. 6. Personal jurisdiction differs from status jurisdiction, which allows a Louisiana court to exercise jurisdiction over the "status" of persons who have sufficient connexity with the state and to adjudicate certain actions under certain circumstances, even though the court lacks personal jurisdiction over the defendant. The theory underlying status jurisdiction, provided in La.Code Civ. Proc. art. 10, is that a divorce action, for example, is more analogous to an action in rem that an action in personam. See 1 Robert C. Casad & William B. Richman, Jurisdiction in Civil Actions § 2-2[3](b)(3d ed. 1998). A state must have the right to prescribe the rules governing the marital status of a spouse domiciled in this state, whether or not the other spouse is domiciled here. However, only the marital status is subject to adjudication under status jurisdiction, and ancillary claims for alimony or support require personal jurisdiction over the nonresident who owes the personal obligation. Thus, under status jurisdiction, a Louisiana court may exercise jurisdiction over a child custody dispute when the child resides in Louisiana, but personal jurisdiction is required for the court to exercise jurisdiction over ancillary claims for child support. Personal jurisdiction is required for child support orders to be enforceable because such orders involve the imposition of a personal obligation to pay money.
[3] The Uniform Interstate Family Support Act provides for child support and spousal support. However, only child support is involved in the present case.
[4] In 1997, the Legislature amended UIFSA so as to substantially adopt the major provisions of the 1996 version of the uniform act. One year earlier, Congress had mandated that a state must adopt UIFSA in its model form in order to remain eligible for federal funding of child support enforcement.
[5] The Model Act differs only in that a disjunctive "or" separates Subsections A(1) and (2). The appellate court in this case concluded that an "or" should be read into the Louisiana version. We agree.
[6] Personal jurisdiction over a nonresident obligor is provided for in La. Ch.Code art. 1302.1. The Louisiana court clearly had personal jurisdiction for the original order in the present case.
[7] The order may be enforced across state lines, without the necessity of registering the order in another state, by sending any income-withholding order to the obligor's employer in another state under La. Ch.Code art. 1305.1, or the order may be enforced by registering the order, as provided in the Act, in the other state under La. Ch.Code art. 1306.1.
[8] Of course, the Louisiana court clearly had jurisdiction to enforce the order as to amounts accruing before the petition for modification. The pivotal issue is whether the court had jurisdiction to increase the amount of child support to be paid prospectively by the obligor.
[9] The National Conference of Commissioners on Uniform State Laws filed an amicus brief in Linn v. Delaware Child Support Enforcement, 736 A.2d 954 (Del.1999). However, as noted, that case did not involve jurisdiction to modify.
[10] If the child or one of the individual parties remains in the issuing state, that state (as long as the parties do not agree to the contrary) retains continuing, exclusive jurisdiction and may modify the order. Unif. Interstate Family Support Act § 205 cmt., 9 U.L.A. 285 (1996). Furthermore, it does not matter whether the obligee or the obligor is the party remaining in the issuing state. Id.
[11] The responding state must have personal jurisdiction over the parties, and the requirements of Articles 1306.9-1306.14, pertaining to Registration and Modification of Child Support Order, must be met. Id. at 286.
[12] UIFSA prevents the seeking of modification in a hometown tribunal. When one party moves from the issuing state, that party must bear the burden of seeking modification in a foreign forum. But when both parties move, that burden is placed on the party who seeks modification, whether obligor or obligee.
[13] Except when there is modification by agreement or when all the parties have moved to the same new state, the party petitioning for modification, whether obligor or obligee, must submit himself or herself to the forum state where the respondent resides. John J. Sampson, Uniform Interstate Family Support Act (1996) (with More Unofficial Annotations), 32 Family Law Quarterly 390, 406-07 (1998).
[14] The concept of continuing, exclusive jurisdiction is to be distinguished from the concept of continuing jurisdiction that the court applied in Imperial v. Hardy, 302 So.2d 5 (La.1974). Under the latter, jurisdiction of the person, once obtained, continues throughout all stages of the litigation. See Gowins v. Gowins, 466 So.2d 32, 37 (La.1985)(Lemmon, J., concurring). UIFSA essentially curtails the concept of continuing jurisdiction in child support cases, at least when the obligor, the obligee and the child have all moved from the issuing state.
[15] The Louisiana court only has jurisdiction to enforce the order it originally issued, but Jurado may seek an increase in the amount of the support order by filing for modification in another state under the statuory equivalent of La.Ch.Code art. 1306.11 (Section 611 of the Model Act), which mandates registration of the order in the responding state and the following requirements: the child, the obligee and the obligor do not reside in the issuing state; the petitioner seeking modification is a nonresident of the responding state; and the respondent is subject to the personal jurisdiction (as required for rendition of an original support order)of the court in the responding state. Additionally, Jurado may use the special rules of evidence and procedure provided by the statutory equivalent of La. Ch.Code art. 1303.16 (Section 316 of the Model Act) to receive evidence from another state, and she may obtain assistance with discovery under the statutory equivalent of La. Ch.Code art. 1303.18 (Section 318 of the Model Act) to obtain discovery through another state's tribunal.