YELVERTON, J.
Rita Williams and Ray Davis are the parents of three children, twin sons and a third son, born out of wedlock. Williams and the three children live in Ohio. In 1995, an order of child support in the amount of $216.67 per month, plus poundage, was entered in Ohio for each of the twin boys. The total child support order for the twins was $442.01 a month. This order was made effective November 3, 1988, the date of the birth of the twins. Subsequently, a judgment of $200 a month for the third son was entered in 1998. This judgment was effective on the date it was signed, May 27,1998.
On September 3, 1998, the Rapides Parish District Attorney’s Office filed a notice of registration for enforcement of a support order for both orders pursuant to the Uniform Interstate Family Support Act (UIFSA). La.Ch.Code art. 1301.1, et $eq. The claimed arrearage as of June 1998 was $42,683.07. Davis filed an answer requesting a hearing on the matter.
A hearing was held on February 17, 1999. At the time of the hearing the arrearage had been reduced to $25,002.81, because Davis had received a workers’ compensation settlement of $22,000, which had been applied to the child support obligation in December 1998. Davis was not represented at trial and testified simply that he could not afford the total child support obligation of $646.01 a month, so he wanted a reduction. The trial court took the matter under advisement.
The trial court recognized the two Ohio orders of child support to the extent they decreed paternity and set an amount of support. However, the trial court stayed the orders to the extent they recognized any arrearage and ordered that arrearage would begin to accumulate from the date of the signing of the Louisiana judgment 1 ¡.enforcing the support orders. An appeal was filed by the district attorney’s office representing the Louisiana Department of Social Services (DSS).
MODIFICATION OF SUPPORT ORDER UNDER UIFSA
The trial court applied Louisiana law in finding that an arrearage was not owed under the Ohio child support judgments. It held that child support would be effective from date of demand or -date of judgment and not from the birth of the children. It further found that evidence consisting of a computer printout from the accounting office in Ohio was insufficient to establish an arrearage. The trial court also found that prescription would preclude enforcement of some of the ar-rearage. These are the rulings the DSS appeals.
The Louisiana Supreme Court recently explained the purpose of UIFSA as follows:
The primary purpose of UIFSA was to eliminate multiple and inconsistent support orders by establishing a principle of having only one controlling order in effect at any one time. This principle was implemented by a definitional concept called “continuing, exclusive jurisdiction,” under which the state that issues the support order (the issuing state) retains exclusive jurisdiction over the order, until specified conditions occur *783 which provide a basis for jurisdiction in another state.
Jurado v. Brashear, 00-1306, pp. 4-5 (La.3/19/01); 782 So.2d 575, 578.
The supreme court further noted that: Once a support order is established, the issuing court retains continuing, exclusive jurisdiction under La.Ch.Code art. 1302.5A (1) until the obligor, the individual obligee and the child all establish a residence outside of the issuing state; or (2)until all consent in writing to assumption of continuing, exclusive jurisdiction by another state; or (3) until the court of another state modifies the order of the issuing state in accordance with UIFSA.
Id. at 579.
[..¡Williams and the three children still reside in Ohio, therefore, the Ohio court has continuing, exclusive jurisdiction. “A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this Chapter or a law substantially similar to this Chapter.” La.Ch.Code art. 1302.5(D). Also, “[i]f a proceeding is brought under this Chapter, and only one tribunal has issued a child support order, the order of that tribunal controls and must be so recognized.” La.Ch.Code art. 1302.7(A).
Pursuant to Louisiana Children’s Code Article 1306.1, Ohio sought to have its two support orders registered in Louisiana where Davis is located. The orders were filed in Louisiana in order to make them enforceable in Louisiana, and the courts of this State are required to recognize and enforce the orders; we cannot modify them. La.Ch.Code art. 1306.3. Furthermore, the law of Ohio governs the nature, extent, amount, and duration of the support payments and arrearage. La.Ch. Code art. 1306.4. The prescriptive period for arrearage is the law of Louisiana or Ohio, whichever is longer. Id.
Louisiana Children’s Code Article 1306.7 provides a party the opportunity to contest the validity or enforcement of a registered order as follows:
A. . A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
(1) The issuing tribunal lacked personal jurisdiction over the contesting party.
(2) The order was obtained by fraud.
(3) The order has been vacated, suspended, or modified by a later order.
(4) The issuing tribunal has stayed the order pending appeal.
14(5) There is a defense under the law of this state to the remedy sought.
(6) Full or partial payment has been made.
(7) The prescriptive period under Article 1306.4 (Choice of law) precludes enforcement of some or all of the arrear-age.
B. If a party presents evidence establishing a full or partial defense under Paragraph A of this Article, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the laws of this state.
C. If the contesting party does not establish a defense under Paragraph A of this Article to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.
*784 Davis did not give reasons why he was contesting the child support in his request for a hearing. At the hearing, Davis continually asked about a reduction in the amount of the child support. He also expressed a concern that he was ordered to pay child support as of 1988. Davis additionally claimed that he paid different amounts than the amounts shown on the statement from Ohio, but it was later discovered that he was talking about Williams receiving half of his monthly workers’ compensation payments toward his child support obligation.
Other than to contest the award on these bases, Davis offered no evidence or proof to support his claim. Therefore, Davis failed to present a defense to enforcement of the Ohio child support orders. State v. McDuffy, 32,357 (La.App. 2 Cir. 9/22/99); 742 So.2d 87.
We note that in a motion for new trial, the State presented evidence of Ohio law on the issue of child support, which Louisiana courts are required to judicially notice. La.Code Evid. art. 202(A). It is clear that Ohio law provides the juvenile |flcourts with the authority to award child support retroactive to a child’s date of birth. Ohio Rev.Code § 3111.01 through 3111.19. Furthermore, there is no statute of limitations in Ohio regarding the collection of arrearage for outstanding child support payments. Ohio Rev.Code § 3113.21(M)(3); Cramer v. Petrie, 70 Ohio St.3d 131, 637 N.E.2d 882 (1994). Therefore, applying Ohio law, the child support order was valid and had not prescribed. Even under Louisiana law the child support arrearage was not past due because ten years had not passed from the date of the first arrearage to the date of the filing of the petition. La.Civ.Code art. 3501.1. The petition was filed on July 9, 1997, and the arrearage did not begin to accrue until November 1988.
We also find that the State introduced sufficient evidence to establish the amount of arrearage at the time. Pursuant to Louisiana Children’s Code Article 1303.16(C), “A copy of the record of child support payments certified as a true copy of the original by the custodian of the record may be forwarded to a responding tribunal. The copy is evidence of facts asserted in it and is admissible to show whether payments were made.” State’s Exhibit 1 was a month-by-month arrear-age calculation listing Ray Davis as the payor and Rita Williams as the payee. It was certified by the Hamilton County, Ohio Child Support Enforcement Agency on December 17, 1998, and shows arrear-age in the amount of $25,002.17. It also indicates when payments were made and includes the $22,000 lump sum payment.
For the above reasons, we reverse the judgment of the trial court insofar as it ordered that arrearage would begin to accumulate from the date of the signing of a judgment by a Louisiana court. We hereby recognize and confirm, pursuant to Louisiana Children’s Code Article 1306.8, the orders from the Hamilton County Juvenile Court, State of Ohio, requiring Ray Davis to pay $646.01 per month total | fidiild support for his minor children, Ri-jon, Ravis, and Ray Williams. We also recognize that the arrearage of $25,002.17 was owed as of December 1998. Costs of this appeal are assessed to Ray Davis.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.