JAMES F. McKAY III, Judge.
| iBeverly R. Peteet appeals the judgment of the trial court granting the Louisiana Department of Social Services’ petition to register a foreign child support judgment. Lacking any evidence or proof sufficient to support an allowable defense we find that the trial court was correct in confirming the registration of the State of Ohio’s child support judgment. Therefore, *1017 we affirm this judgment pursuant to La. Ch.C. art 1301.1 cited as the Uniform Interstate Family Support Act (“UIFSA”) and La. Ch.C. art. 1306.1, et. seq.
Beverly Rachel Peteet and Kenneth O’Neal had two children, Kenneth O’Neal Jr., born March 25, 1985, and Brandon O’Neal, born August 13, 1986. On July, 23, 1990, Beverly Peteet was ordered, by the Court of Common Pleas for Cuyahoga County, State of Ohio, Division of Domestic Relations, case # D-194515, to pay Kenneth O’Neal child support. Thereafter, on October 19, 1995, Kenneth O’Neal obtained a judgment from the Ohio court confirming the support order, which stated a per child amount and set a further amount to be paid against ^accumulated arrearages commencing May 18, 1990. No appeal was taken from this judgment.
The instant matter stems from a proceeding initiated by the Louisiana Department of Social Services to register the October 19, 1995 Ohio child support judgment, pursuant to a transmittal from the Cuyahoga Support Enforcement Agency (“CSEA”) to the Orleans Support Enforcement.[1] On June 26, 2008, the Louisiana Department of Social Services, Support Enforcement Services (“DSS”) filed a petition on behalf of Kenneth O’Neal Jr., a judgment creditor of Beverly Peteet, to register a foreign support order and judgment pursuant to UIFSA. In response, Beverly Peteet, who is domiciled in Orleans Parish and a resident of the State of Louisiana, filed a response listing statutory defenses to the registration of the foreign support order and income assignment pursuant to La. Ch.C. articles 1305.6, 1306.6 and 1306.7. On July 21, 2008, Ms. Peteet received a citation from the Orleans Parish Civil District Court notifying her that she had been sued.
On September 22, 2008, at the initial hearing on the matter, the trial court ordered both sides to file memoranda in support of their contentions. On October 18, 2008, after oral argument, the matter was taken under advisement. On December 8, 2008, the trial court rendered judgment confirming the registration of the Ohio child support judgment and ordering an immediate income assignment order be entered into the record pursuant to La. R.S. 46:236.3, to effectuate the enforcement of child support and payment of ar-rearages by income assignment.
JJSSUES FOR REVIEW
The appellant submits several issues for review of the trial court’s judgment enforcing the State of Ohio original support order and judgment. The appellant asserts that the issuing tribunal, Ohio, lacked personal jurisdiction over her. The matter has prescribed. The DSS and or CSEA lacked standing to bring the action to register the Ohio child support judgment and have that judgment made executory in Louisiana.
The record indicates that the original child support order was issued in Ohio in 1990 and no appeal was taken from that order. The matter was reduced to judgment by the Ohio court on October 19, 1995. The record is replete with evidence that the appellant made support payments, pursuant to that order, in 1990,1996, 1997, 2001, 2002, 2003, 2004, and 2005. Any issues relative to this child support order, which the appellant has or may have had, relative to the authority of the CSEA, must be raised in Ohio, which maintains continuing jurisdiction. In the instant matter the trial court, Orleans Parish Civil District Court, in no way modified the original Ohio judgment; it simply made *1018 executory the judgment enforcing the original Ohio child support order in compliance with UIFSA. Kenneth O’Neal remains domiciled in Ohio and Beverly Peteet, by her own admission, is domiciled in New Orleans, Louisiana.
DISCUSSION
The applicable law and jurisprudence are as follows.
The State of Louisiana has codified the UIFSA in La. Ch.C. art. 1301.1 et seq.
|4The Louisiana Supreme Court recently explained the purpose of UIFSA as follows:
The primary purpose of UIFSA was to eliminate multiple and inconsistent support orders by establishing a principle of having only one controlling order in effect at any one time. This principle was implemented by a definitional concept called “continuing, exclusive jurisdiction,” under which the state that issues the support order (the issuing state) retains exclusive jurisdiction over the order, until specified conditions occur which provide a basis for jurisdiction in another state.
Jurado v. Brashear, 00-1306, pp. 4-5 (La.3/19/01); 782 So.2d 575, 578.
The Louisiana Supreme Court further noted that:
Once a support order is established, the issuing court retains continuing, exclusive jurisdiction under La.Ch.Code art. 1302.5 A(l) until the obligor, the individual obligee and the child all establish a residence outside of the issuing state; or (2)until all consent in writing to assumption of continuing, exclusive jurisdiction by another state; or (3) until the court of another state modifies the order of the issuing state in accordance with UIFSA.
Id,, 00-1306 at p. 6, 782 So.2d at 579.
Louisiana Children’s Code Article 1306.7 provides a party the opportunity to contest the validity or enforcement of a registered order as follows:
A. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
(1) The issuing tribunal lacked personal jurisdiction over the contesting party.
(2) The order was obtained by fraud.
(3) The order has been vacated, suspended, or modified by a later order.
(4) The issuing tribunal has stayed the order pending appeal.
(5) There is a defense under the law of this state to the remedy sought.
(6) Full or partial payment has been made.
|fi(7) The prescriptive period under Article 1306.4 (Choice of law) precludes enforcement of some or all of the arrearages.
B. If a party presents evidence establishing a full or partial defense under Paragraph A of this Article, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the laws of this state.
C. If the contesting party does not establish a defense under Paragraph A of this Article to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.
*1019 Personal Jurisdiction
The appellant asserts that the State of Ohio lacks personal jurisdiction over her. Based on the record, Kenneth O’Neal and the two children, now both majors, still reside in Ohio. The appellant is domiciled in the State of Louisiana, Parish of Orleans. Child support was established in the State of Ohio. Child support payments were made in the State of Ohio. The record before this Court is void of any information indicating that any challenges were made by either party to the jurisdiction of the Ohio court. No change of jurisdiction was ever sought by either party in the State of Ohio. The appellant made no attempts to disavow herself from the jurisdiction of the Ohio court thereby acquiescing to its jurisdiction. The appellant, based on the record before this Court, has never entered any objection or appeal in the Ohio case # D-194515.
Pursuant to the law of this state, Louisiana, and the UIFSA, the Ohio court has continuing, exclusive jurisdiction. “A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to this Chapter or a law substantially similar to this Chapter.” La.Ch.Code art. 1302.5 D. Also, “[i]f a proceeding is brought under this | ^Chapter, and only one tribunal has issued a child support order, the order of that tribunal controls and must be so recognized.” La.Ch.Code art. 1302.7 A.
As noted above and as supported by the record, Beverly Peteet, over the years and without contest, made sporadic child support payments to Kenneth O’Neal, pursuant to the 1990 Ohio child support order. Appellant’s argument that the Ohio tribunal lacked personal jurisdiction over her is without merit.
Prescription
The appellant asserts that the enforcement of child support arrearages has prescribed.
Pursuant to Louisiana Children’s Code Article 1306.1 and UIFSA, the DSS sought to have the 1995 child support judgment registered and made executory in Louisiana where Beverly Peteet is domiciled. The effect of this registration is that our courts are required to recognize and enforce child support orders from sister states; we cannot modify them. La.Ch. Code art. 1306.3. Furthermore, the law of Ohio governs the nature, extent, amount, and duration of the support payments and arrearage. La. Ch. C. art. 1306.4 B instructs that in a proceeding for arrearages, the controlling prescriptive period is either the law of this state or the issuing state, which ever is longer, applies.
In Louisiana, pursuant to La. Civ. C. art. 3501.1, an action to make executory arrearages of child support is subject to a liberative prescription of ten years.
The DSS argues that Ohio law prevails. There is no statute of limitations (“prescription”) in Ohio regarding the collection of arrearages for outstanding child support payments. Ohio Rev.Code § 3113.21(M)(3); Cramer v. Petrie, 70 Ohio St.3d 131, 637 N.E.2d 882 (1994). Therefore, applying Ohio law, the child support order was valid and had not prescribed.
|7Standing
The appellant appears to assert in this appeal that CSEA and the DSS lack standing to register the October 19, 1995 Ohio child support judgment against her and to have it made the judgment executo-ry. We find no merit to this argument.
There is nothing in the record that establishes that the appellant challenged the authority of the Cuyahoga Support Enforcement Agency (“CSEA”) to establish *1020 and enforce the Ohio judgment in Ohio. As gleaned from the record, the appellant was ordered, in the October 19, 1995 Judgment, to notify the CSEA of any changes in her status; domicile, employment etc., thereby, obviating CSEA’s involvement and status in the procedure. Therefore, the appellant was aware of CSEA’s involvement in the matter. Yet, she failed to object or appeal. It is disingenuous for the appellant to now assert an issue of standing. It is not clear from the record what occurred in this matter between the 1995 Ohio judgment and the September 12, 2008 communication between Ellen O’Boyle, CSEA Support Officer, and Sherry Maitre, a DSS staff attorney, which can only be interpreted as the impetus for the DSS’s intervention in the instant matter. However, this information is inconsequential. The appellant has never challenged or appealed any of the Ohio court’s actions in the proper jurisdiction, Ohio. We have confirmed above that by statute and applicable jurisprudence, Ohio has continuing jurisdiction over the entire matter, including personal jurisdiction over the appellant. The appellant has failed to cite any credible authority for challenging CSEA’s or the DSS’s standing in the instant matter. La. 46:236.1.1, provides statutory authority for the Department to take enforcement action in child support cases. The appellant’s argument is without merit.
The appellant has failed to establish any defense, as argued, pursuant to La. Ch.C. art 1306.7. Based on the above and foregoing, we affirm the judgment of |xthe trial court confirming the registration of the State of Ohio’s child support judgment and the immediate enforcement of an income assignment.
AFFIRMED.

. The matter ultimately was turned over to the Louisiana Department of Social Services for enforcement pursuant to La. R.S. 46:236.1.1 et seq.