PARRO, J.
 

 12Gayle Rinaldi Spicer appeals a judgment in favor of her former husband, Charles Edward Spicer, which vacated, and decreed unenforceable, the registration of an order rendered by the Circuit Court of Cook County, Illinois, which order had modified the child support provisions of a previous judgment of a Louisiana court. For the following reasons, we affirm the judgment.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Gayle Rinaldi Spicer (hereinafter referred to by her current surname, Frey) and Charles Edward Spicer were divorced in Louisiana in June 2000. The couple had three children, and a 1998 judgment of custody and child support was rendered by the district court in the divorce proceedings in Ascension Parish, the parties’ matrimonial domicile. In 2008, a modified child support order was rendered in Ascension Parish to account for two of the children having attained the age of majority, among other issues. Frey, having moved to Chicago, Illinois, with the couple’s children in 2005, filed a “Petition to Enroll Foreign Judgment” with the Circuit Court of Cook County, Illinois, on May 27, 2009, requesting that the judgment of divorce and the 2008 modified child support order be made judgments of the Illinois court. Subsequently, in July 2009, Frey filed a number of pleadings in the Illinois court seeking an increase in child support, non-minor child support, and contributions to college expenses for the children. Spi-cer, who maintained his domicile in Ascension Parish at all times since the couple’s divorce, filed responses to the pleadings and also filed into the Illinois record the
 
 *800
 
 community property agreement executed by the couple prior to their divorce. A hearing was held in the Circuit Court of Cook County, Illinois, on November 30, 2009, and an order was entered on January 14, 2010, granting an increase in child support, non-minor support, and contributions to college expenses. Spicer filed a petition with the Illinois Appellate Court for leave to appeal the Circuit Court of Cook County decision, which was denied on March 18, 2010. Spicer’s subsequent motion for reconsideration was also denied on May 5, 2010.
 

 IsFrey filed a certified copy of the Circuit Court of Cook County order into the Ascension Parish divorce suit record. Thereafter, while the petition for appeal was pending in Illinois, Spicer filed a “Petition for Declaratory Judgment” in the divorce suit record in Ascension Parish, seeking to have the Illinois judgment declared an absolute nullity and without force and effect due to lack of personal and subject matter jurisdiction. An ex parte judgment in favor of Spicer was signed on February 25, 2010. However, Frey was not served with the petition until March 25, 2010. Thereafter, Frey filed a motion to vacate the judgment, which was granted on May 18, 2010, after oral argument. A hearing was held on the “Petition for Declaratory Judgment” on May 28, 2010, and a judgment in favor of Spicer was signed on June 4, 2010.
 

 In its reasons for judgment, the trial court explained that the parties had not met the requirements to divest the Louisiana court from continuing, exclusive jurisdiction over the matter. Additionally, the court found that the Illinois court lacked personal jurisdiction over Spicer and, as such, vacated, and decreed unenforceable, the registration of the Illinois support order in Louisiana.
 

 Frey timely appealed the judgment. The issue on appeal is whether the district court erred in granting Spicer’s petition for declaratory judgment and vacating the registration of the Illinois support order, which modified a support order originally issued in Louisiana.
 

 DECLARATORY JUDGMENT
 

 The declaratory judgment articles of the Louisiana Code of Civil Procedure grant courts the authority to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. LSA-C.C.P. art. 1871. The purpose of these articles is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. LSA-C.C.P. art. 1881. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the hdispute.
 
 Williams v. City of Baton Rouge,
 
 02-0339 (La.App. 1st Cir.2/14/03), 848 So.2d 9,13.
 

 Frey contends that the procedure initiated by Spicer for a declaratory judgment was premature, because the mere filing of a foreign judgment in the suit record, without any attendant or subsequent petition by her for relief, does not produce an “uncertainty” between the parties. We disagree. Obviously, the recor-dation in Ascension Parish of the Illinois judgment, which ordered Spicer to pay increased child support, non-minor support, and contributions to college expenses, was sufficient to create “uncertainty” about Spicer’s obligations to his children in an immediate and genuine situation.
 
 See Williams,
 
 848 So.2d at 13. Certainly, a declaratory judgment as to the validity of the Illinois judgment would remove that
 
 *801
 
 uncertainty, either favorably or unfavorably. Moreover, the determination of whether the Illinois judgment could be enforced in Louisiana against a person domiciled in Louisiana was a question of law, and any objection to the alleged improper use of summary proceeding was waived by Frey when she failed to timely file a dilatory exception urging the objection.
 
 See
 
 LSA-C.C.P. art. 926(B).
 
 [1]
 
 Thus, we find no merit in Frey’s challenge to the procedure followed in this case.
 

 UNIFORM INTERSTATE FAMILY SUPPORT ACT
 

 The general purpose of the Uniform Interstate Family Support Act (UIF-SA), embodied in the Louisiana Children’s Code articles 1301.1,
 
 et seq.,
 
 was to make uniform the law with respect to support orders and related matters among states enacting it. The UIFSA was adopted by the Louisiana Legislature under a Congressional mandate that required its adoption in all states in order to remain eligible for federal funding of child support enforcement.
 
 See Jurado v. Brashear,
 
 00-1306 (La.3/19/01), 782 So.2d 575, 578 n. 4. The primary purpose of the UIFSA is to eliminate multiple and inconsistent support orders by establishing the principle of having only one support order in effect at a time.
 
 Jurado,
 
 782 So.2d at 578. This purpose is accomplished |fithrough the concept of “continuing, exclusive jurisdiction,” under which the state that issues a support order retains exclusive jurisdiction over the order, unless certain conditions are met to provide a basis for jurisdiction in another state.
 
 Id.
 
 Illinois has likewise adopted the UIFSA in Chapter 750, Act 22 of the Illinois Compiled Statutes and, therefore, Illinois recognizes the concept of continuing, exclusive jurisdiction.
 

 Subject matter jurisdiction with regard to the issue of child support is governed by the UIFSA.
 
 See
 
 LSA-Ch.C. arts. 1301.1,
 
 et seq. See also Bordelon v. Dehnert,
 
 99-2625 (La.App. 1st Cir.9/22/00), 770 So.2d 433, 436. Under the general purpose of the UIFSA, only one state may have continuing, exclusive jurisdiction over a particular support order.
 
 Jurado,
 
 799 So.2d at 782-83. Children’s Code article 1302.5, the Louisiana rule on continuing, exclusive jurisdiction over support orders, provides, in pertinent part:
 

 A. A tribunal of this state issuing a support order consistent with the laws of this state has continuing, exclusive jurisdiction over a child support order as follows:
 

 (1) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued.
 

 (2) Until all of the parties who are individuals have filed written consent with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.
 

 B. A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this Chapter or a law substantially similar to this Chapter.
 
 [2]
 

 Children’s Code article 1306.11, which governs the modification of child support orders of other states, contains similar re
 
 *802
 
 quirements that must be met in order to divest the issuing state of continuing, exclusive jurisdiction, particularly the requirement that no involved party may be a resident of the issuing state or that written consent of all the parties must have been filed in the issuing tribunal. Illinois has enacted a similar version of this modification provision.
 
 See
 
 750 ILCS 22/611.
 

 IfiThe resolution of the issues presented in this case centers on the concept of continuing, exclusive jurisdiction under the UIFSA. Subject matter jurisdiction over this child support order was established in Louisiana in 1998 when the trial court in Ascension Parish adjudicated the support order. The subsequent modification of the support order in the same court in 2008 reaffirmed Louisiana’s continuing, exclusive jurisdiction under the UIFSA.
 

 In order for Frey to obtain a valid modification in Illinois of a child support order over which Louisiana has continuing, exclusive jurisdiction, she would have to comply with the UIFSA provisions governing modification of support orders of other states.
 
 See
 
 LSA-Ch.C. art. 1306.11 and 750 ILCS 22/611. Under the facts of this case, all of the parties who are individuals must have filed a written consent in the issuing tribunal in Louisiana in order for an Illinois court to divest a tribunal of this state of continuing, exclusive jurisdiction, to assume continuing, exclusive jurisdiction over the child support order, and to modify the Louisiana support order.
 
 See
 
 LSA-Ch.C. art. 1306.11(A)(2); 750 ILCS 22/611(a)(2). Thus, to divest the Louisiana tribunal of continuing, exclusive jurisdiction, both Spicer and Frey would have had to have file a written consent with the issuing court in Ascension Parish. Neither party filed the required written consent. Accordingly, the issuing court in Ascension Parish maintained the continuing, exclusive jurisdiction over this child support order, and there was no basis for subject matter jurisdiction in Illinois.
 

 Frey contends that Spicer submitted himself to the personal jurisdiction of the Illinois tribunal in Cook County, Illinois by making a personal appearance before the court and failing to object to its jurisdiction. We agree that Spicer’s general appearance established personal jurisdiction of the Illinois court over him. However, the jurisdiction over the subject matter of a proceeding cannot be conferred by the appearance of the parties alone, and a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3. The Illinois court did not have subject matter jurisdiction over the support order, because Louisiana 17retained continuing, exclusive jurisdiction over the child support order.
 

 For these reasons, we conclude that the Illinois court lacked subject matter jurisdiction to modify the child support order, because Louisiana retained the continuing, exclusive jurisdiction over the child support order under the UIFSA. As such, the order rendered by the Illinois court modifying the Louisiana child support order is unenforceable in this state.
 

 CONCLUSION
 

 The judgment of the district court, granting Spicer’s petition for declaratory judgment, decreeing that the registration of the Illinois order is vacated and unenforceable in this state, and decreeing that Spicer’s child support obligation is terminated because all of his children have attained the age of majority, is affirmed. All costs of this appeal are assessed against Gayle Frey.
 

 AFFIRMED.
 

 GUIDRY, J., concurs.
 

 [1]
 

 . We note also that whether the original hearing resulting in the ex parte judgment was appropriate is moot, because the ex parte judgment was vacated and could not have "poisoned” the proceedings as Frey contends.
 

 [2]
 

 . The sub-paragraphs of paragraph A should be read disjunctively, as though an "or” were placed between the two.
 
 Jurado v. Brashear,
 
 98-2729 (La.App. 1st Cir.4/17/00), 764 So.2d 1066, 1071,
 
 affirmed in part, reversed in part,
 
 00-1306 (La.3/19/01), 782 So.2d 575.