PETTIGREW, J.,
dissents, and assigns reasons.
hi respectfully dissent. For the reasons that follow, I would convert the petition for an appeal to an application for supervisory writ, grant the writ, vacate the trial court’s judgment, and remand for further proceedings.
As noted by the majority, this case began in June 2014, when plaintiff, Terre-bonne Parish resident, Senorina Barajas-Meraz, filed a petition for divorce against her husband, defendant; Santiago'Valdovi-nos-Moreno. In the petition, plaintiff alleged that defendant was residing or domiciled in Mexico. Plaintiff, therefore, moved the court to appoint a curator ad hoc to represent the defendant’s interest in the matter. The trial court appointed a curator ad hoc who, despite diligent efforts, was unable to locate defendant. Thereafter, the curator’s appointment was terminated, and the matter was set for trial on November 17, 2014.
At trial, the judge inquired about plaintiffs immigration status. When the interpreter answered that plaintiff was an illegal alien, the judge stated that he was “not going to do a divorce.” Plaintiffs counsel requested written reasons for judgment, but the judge declined the request. Instead, the judge gave oral reasons for judgment, indicating that because of plaintiffs immigration status, plaintiff had no standing in court and was not entitled by the Louisiana Constitution to any protection under the law or to have anything decided by the court.
As noted by the majority, the trial court’s December 23, 2014 judgment in this case is problematic as it does not contain the appropriate decretal language required by La.Code Civ. P. art. 1918(A), nor does it contain the typewritten or printed name of the judge as required by La.Code Civ. P. art. 1911(A). While I agree with the majority that the trial *761 court’s judgment is not a final and appeal-able judgment, I disagree ..with the ^majority’s decision not to consider the merits of plaintiffs appeal under the authority of this court’s supervisory-jurisdiction.
The Louisiana Constitution confers appellate jurisdiction upon the courts of appeal over “all civil matters” and “supervisory jurisdiction over cases which arise within its circuit.” La. Const. art., V, § 10(A). Moreover, the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. Stelluto v. Stelluto, 2005-0074, p. 7 (La.6/29/05), 914 So.2d 34, 39. Accordingly, because plaintiff filed her motion for ■ appeal within the thirty-day delay provided for seeking supervisory writs, I believe- this court should exercise its discretion to convert plaintiffs appeal to an application for supervisory writ and consider the merits of plaintiffs appeal under our supervisory jurisdiction. See Uniform Rules-Court of Appeal, Rule 4 — 3; .see also, KAS Properties, LLC v. Louisiana Bd. of Supervisors for Louisiana State Univ., 2014-0566, p. 5 (La.App. 1 Cir. 4/21/15), 167 So.3d 1007, 1010.
According to a review of the record below, when plaintiff and her counsel ’appeared before the trial court'on-November 17, 2014, for the trial on her petition for divorce, the trial court refused to hear any evidence on the divorce proceeding after learning about plaintiffs immigration .status. The following colloquy occurred:

BY THE COURT:

Senorina and Santiago — number 19, here.

BY THE MINUTE CLERK:

That’s you, sir.

BY THE COURT:

Senorina Baraias-Meraz versus Santiago Valdovino-Merono — let’s go — chop, chop.

BY THE MINUTE CLERK:

Bring your client and your witnesses up, sir.

BY MR. INTERIANO:

Good morning, Your Honor, Joseph In-teriano on behalf of Ms. Senorina Meraz.

J£Y THE COURT:

And the other side, who is Santiago?

BY MR. INTERIANO:

He is not here. He was represented by a Curator, who filed a Motion to be withdrawn from - the- case, as he had already submitted-a Note-of Evidence.

BY THE COURT:

Which one is your client?

BY MR. INTERIANO:

My client is Ms. Senorina.

BY THE COURT:

Okay, is she a legal, or an illegal alien?
(INTERPRETER SPOKE WITH PLAINTIFF)
BY THE INTERPRETER: - •
illegal.

BY THE COURT:

.I’m not going to do a divorce.
Next case.
(PAUSE WHILE OTHER CASES WERE HANDLED)

BY THE COURT:

All right, we are going to go through the docket one more time-yes, sir?

BY MR. INTERIANO:

May I—
BY THE COURT: '■
Step forward. Yes,* sir, what is your name?
(OFF RECORD DISCUSSION WITH COURT AND COUNSEL, AT BENCH)

*762
BY THE COURT:

Go ahead — your name, sir.

J¿BY MR. INTERIANO:

May it Please the Court, my' name is Joseph Interiano, on behalf of Ms. Seno-rina Barajas-Meraz. ... [S]he has been living separate and apart from her husband since January of 2013. She was married to him in 2002, in the country of Mexico, where their last matrimonial domicile [was]. The plaintiff has been domiciled in ... Terrebonne Parish for the last six months; and that is the parish of proper jurisdiction and venue.
The defendant is domiciled in the city of Lazaro-Cardenas Mexico. The parties have one minor child together, born of the marriage, Ivy Celeste Valdovinos Barajas, born 10/22/05. The parties have lived separate and apart voluntarily and continuously, without reconciliation, since at least January of 2013, a period of more than three hundred sixty-five days, prior to the filing 'of the Petition of Divorce.
The defendant is not in the Armed Services of the United States of America. The parties did not enter into a covenant marriage at any time, before, or during their marriage. And to plaintiffs knowledge, she is not pregnant at this time.
And plaintiff is entitled to and seeks a Judgment of Divorce from the defendant.

BY THE COURT:

Denied. The Court Teels 'that illegal aliens have no standing in-or get no protection from this Court, or any Court of the State of Louisiana. Thank you. BY MR. INTERIANO:
I would like to ask if you could provide a written opinion, stating your basis.

BY THE COURT:

Denied.
(PAUSE WHILE OTHER MATTERS WERE HANDLED)

BY THE COURT:

Yes, sir?

BY MR. INTERIANO:

I would like to add something to the record—
[[Image here]]

BY THE COURT:

Okay, you have two minutes.

J¿BY MR. INTERIANO:

Based • on our,, client’s Constitutional rights to access the Court, we would like to — Your Honor, to state what his oral reasons are for denying her access to the Court. , ,

BY THE COURT:

You have already asked me that.

BY MR. INTERIANO:

I asked you for written as well ás oral, but you never stated oral.

BY THE COURT:

Okay, the Court feels that since illegal aliens is — it is criminal to be an illegal alien — it is a criminal act, I don’t feel that under the laws.of.the State of Louisiana that they have any Constitutional rights to ■ protections of the- law or to have divorces, or anything else decided .by this Court, .if they are illegal aliens. -That’s the reasons'.

BY MR. INTERIANO:

So—

BY THE COURT:

Thank you very much.
On appeal, plaintiff argues that the trial court below was the court of proper jurisdiction and venue for her divorce action as she had established and maintained a residence in Terrebonne Parish for a period of at least 6 months prior to the filing of the petition for divorce. Plaintiff maintains *763 that as a person domiciled within the State of Louisiana, she is entitled to the same benefits and protection under the laws as any other resident. I agree. It is worth noting that La. Const, art. 1, § 22 provides as follows with regard to access to, courts: “All courts shall be open, and every person shall' have an adequate remedy by due process of 'law’and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.” (Emphasis added.)
Jurisdiction is defined in Lá.Code Civ. P. art. 1 as the court’s legal power and authority to hear an action arid grant relief. In evéry civil case in Louisiana, the court must have not only subject matter jurisdiction, but' also either (1) personal jurisdiction j ¿under La.Code Civ. P. art. 6, (2) property jurisdiction under La.Code Civ. P. art. 8 or 9, or (3) status jurisdiction under La.Code Civ. P. art. 10. Jurado v. Brashear, 2000-1306, p. 3 (La.3/19/01); 782 So.2d 575, 577.
As set forth in La.Code Civ. P.. art. 10,
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions: ■
[[Image here]]
(7) An action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state."
[[Image here]]
B. For purposes of Subparagraphs (6) and (7) of Paragraph A of this Article, if a spouse has' established and maintained a residence in a parish of this state for a period of six months, there shall be a rebuttable presumption that he has a domicile in this state in the parish of such residence.
There is no dispute that the Thirty-Second Judicial District Court in and for the Parish of Terrebonne has subject matter jurisdiction over divorce áctions. La. Const, art. 5, § 16(A). There also appears to be no dispute that if one assumes that plaintiff had, in fact, established her domicile In Louisiana prior to filing her petition for divorce, Article 10(7) provides status jurisdiction for the purposes of obtaining a divorce. Moreover, as set forth in La. Code Civ. P, art. 3941, venue would have been proper in the Thirty-Second Judicial District Court for this divorce action based on plaintiffs presumptive domicile in Ter-rebonne Parish.[1] Accordingly, the trial court erred in refusing plaintiff access to the court and denying her due process of law. Plaintiff should have been afforded a trial on her petition , for divorce and the opportunity to present evidence in support of same.[2] ■.
17For these reasons, I respectfully dissent. I would convert the petition for an •appeal to an application for supervisory writ, grant the writ, vacate the trial court’s December 23, 2014 judgment, and remand for further proceedings. Moreover, I would assess all costs associated with this appeal against defendant, Santiago Valdo-vinos-Moreno.

. Article 3941(A) provides, "An action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.”

. Because the majority has dismissed this appeal based on a lack of a valid, final judgment, this divorce proceeding is still pending before the trial court below. Procedurally, plaintiff may again attempt to set the matter for trial on the merits or attempt to take a confirmation of default, whichever is legally appropriate.