## CHARLIE WHITE v. STATE OF FLORIDA

| | |
|---|---|
| 11 So. (2nd) 891 | June Term, 1942 |
| January 4, 1943 | En Banc |

*Philip D. Beall,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

PER CURIAM:

This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Court of Record be, and the same is hereby affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, JJ., concur.

BUFORD and CHAPMAN, JJ., dissent.

BUFORD, J., dissenting:

After a full and careful consideration of the record in this case it appears to me that the testimony given by the chief prosecuting witness was so unreasonable and contrary to the probability of truth as to the details of the alleged acts of the defendant in the commission of the alleged offense as to preclude the court from relying with any confidence upon the evidence submitted by her as a basis for conviction.

I fully appreciate the force of the rule that the jury is the sole judge of the weight and credibility to be accorded the testimony of a witness, but when a witness, in attempting to describe the manner and method by which a crime of this nature was accomplished, delineates an alleged state of facts which in the common knowledge of people generally must be branded as beyond the pale of probability, I think there is no duty resting on the courts to accord credence to such statements.

274

Because of the unsatisfactory and unreasonable character of the testimony of the witness upon which the State relied for conviction, I think the judgment should be reversed and a new trial granted.

CHAPMAN, J., concurs.