STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-698

OCEAN JASMINE MANNING

VERSUS

STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-6455
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*
CANDYCE G. PERRET
JUDGE
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, Billy H. Ezell, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED**.

**Cooks, J., dissents with written reasons.**
**Saunders, J., dissents.**

**Richard Ducote**
**318 E. Boston Street, 2nd Floor**
**Covington, LA  70433**
**(985) 898-2755**
**Attorney for Appellant/Plaintiff**
  **Ocean Jasmine Manning**

**Paul D. Gibson**
**Thomas M. Long**
**412 Travis Street, Suite C**
**Lafayette, LA  70503**
**(337) 233-9600**
**Attorneys for Appellee**
  **Keith A. Stutes, District Attorney, 15th Judicial District**

**PERRET, Judge.**

In this case, we consider whether the trial court erred in denying a declaratory judgment decreeing Plaintiff Ocean Jasmine Manning ("Ms. Manning") factually innocent of crimes for which she was arrested in 2015.

**FACTS AND PROCEDURAL HISTORY:**

Ms. Manning, an Oklahoma resident, has two children, a nine-year-old and a seven-year-old, who live in Lafayette, Louisiana, with their father pursuant to an Oklahoma custody decree. Ms. Manning was arrested on June 22 or June 23, 2015 in Lafayette Parish after being extradited from Oklahoma. Ms. Manning was charged with three counts of abuse of children/false reports, violations of La.R.S. 14:403(A)(3); two counts of criminal mischief/false report or complaint, violations of La.R.S. 14:59(A)(5), and three counts of cruelty to juveniles, violations of La.R.S. 14:93(A)(1), involving her children.

No Bill of Information or Indictment was filed in connection with these charges. The Fifteenth Judicial District, Parish of Lafayette's District Attorney's Office indicated at a trial court hearing that it "has no intent to prosecute" Ms. Manning for these charges. The District Attorney's Office reiterated this fact in its brief to this court.

Thereafter, Ms. Manning filed a Petition for Declaratory Judgment in civil court, asserting that her arrest and the publicity stemming from her arrest has prejudiced her Oklahoma child custody proceedings. Additionally, she asserts that she "never committed any of these alleged crimes and is factually innocent." Ms. Manning sought a declaratory judgment of her factual innocence because she "has no adequate remedy to clear her name and to rectify these false charges of criminal conduct" and that such judgment is appropriate under La.Code Civ.P. arts. 1871–

1888. Ms. Manning named the State of Louisiana ("the State") as a Defendant and served the State through the District Attorney for the Parish of Lafayette, 15th Judicial District, Hon. Keith Stutes ("the District Attorney").

The District Attorney filed Declinatory Exceptions of Improper Citation and Insufficiency of Service of Process, and Lack of Subject Matter Jurisdiction; Dilatory Exceptions of Prematurity, and Improper Joinder of Parties; and Peremptory Exceptions of Prescription, No Cause of Action, and No Right of Action. First, the District Attorney argued that serving the District Attorney was improper and insufficient service on the State, as the District Attorney's Office is not a state agency. Second, the District Attorney argued that the district court in its civil capacity lacked subject matter jurisdiction over criminal matters. Third, the District Attorney argued that this suit is premature because the District Attorney has not taken any steps towards the prosecution of Ms. Manning and there have been no adverse actions, no "judiciable controversy" exists for the court to decide. Fourth, the District Attorney argued that the District Attorney's Office was improperly joined because it was not named as a defendant and is not an agency of the State. Fifth, the District Attorney alleged that Ms. Manning's claims arising from her 2015 arrest sound in tort and are prescribed. Lastly, the District Attorney claims there is no cause of action and no right of action as an adequate remedy exists under the court's criminal jurisdiction (expungement) and because there is currently no justiciable controversy.

The trial court sustained all exceptions and dismissed Ms. Manning's petition. On appeal, Ms. Manning assigns eight assignments of error, which together allege that the trial court erred in sustaining the District Attorney's exceptions.

2

**ANALYSIS:**

After reviewing the record on appeal, we agree with the trial court in sustaining the exceptions of prematurity and no cause of action. As these findings ultimately affirm the dismissal of Ms. Manning's petition, a discussion of the trial court's error in sustaining the remaining exceptions would be superfluous.

**Dilatory exception of prematurity:**

"The dilatory exception of prematurity provided in La.Code Civ.Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination." *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-451, p. 4 (La. 12/1/04), 888 So.2d 782, 785. "An action is premature when it is brought before the right to enforce it has accrued." *Id.* The party raising the exception carries the burden of proving prematurity. *Id.* On appeal, a judgment granting an exception of prematurity is reviewed under the "manifest error standard of review unless it involves a question of law." *Barlow v. Garber*, 17-401, p. 2 (La.App. 3 Cir. 11/2/17), 230 So.3d 1002, 1004.

Ms. Manning seeks a declaration that she is innocent of the crimes for which she was arrested. However, Ms. Manning has not been prosecuted for those crimes. Therefore, Ms. Manning "is presumed innocent until proven guilty[.]" La.Const. art. 1, §16; *see generally* U.S. Const. amends. V and XIV. The United States Supreme Court has stated, "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403 (1895). Thus, as Appellee notes, there is no adversity between Ms. Manning and the District

3

Attorney as no charges have been filed and Ms. Manning remains legally innocent under the law. There is no dispute for the court to resolve.

Additionally, the possibility of prosecution being instituted is unlikely given the time restraints in La.Code Crim.P. art. 572. Louisiana Code of Criminal Procedure Article 572 provides the time limitations for prosecution of noncapital offenses:

> A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
>
> . . . .
>
> (2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
>
> (3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.

If Ms. Manning wants to remove the arrest from her record, our law provides avenues to accomplish those actions, for example, expungement, motions to quash, or unlawful arrest. However, as far as adjudicating her factually innocent, there is no controversy ripe for judicial determination at this time. We find no legal error in the trial court's grant of Appellee's exception of prematurity.

**Peremptory exception of no cause of action:**

An exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La.1993). Whether a cause of action exists is a question of law that is reviewed de novo on appeal. *Noel v. Noel*, 15-37 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, *writ denied*, 15-1121 (La. 9/18/15), 178 So.3d 147.

4

Ms. Manning seeks a declaration of innocence in her petition for declaratory judgment.

> A party is entitled to relief by declaratory judgment when "his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute." *Spicer v. Spicer*, 2010-1577 (La. App. 1 Cir. 3/25/11), 62 So.3d 798, 800.

*Greene v. Greene*, 19-37, p. 14 (La.App. 5 Cir. 12/11/19), 286 So.3d 1103, 1114–15. This court has also noted:

> The codal articles authorizing declaratory judgment are declared remedial and should be liberally construed and administered. La.C.C.P. Art. 1881; *Stoddard v. City of New Orleans*, 246 La. 417, 165 So.2d 9 (1964). **Nevertheless, there is no right or cause of action when there is no justiciable controversy.** *Abbott v. Parker*, 259 La. 279, 249 So.2d 908 (1971). . . .
>
> In *Abbott,* 249 So.2d 908 at 918 the Supreme Court defined "justiciable controversy":
>
>> A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relation of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Desselle v. Dresser Indus. Valve*, 96-374, pp. 3-4 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, 551-52, *writ denied*, 97-618 (La. 4/25/97), 692 So.2d 1086 (quoting *Ricard v. State*, 544 So.2d 1310, 1312 (La.App. 4 Cir. 1989)) (emphasis added).

As previously discussed, no justiciable controversy exists in this case and Ms. Manning's rights are certain and undisputed. Ms. Manning is innocent until proven guilty. She has not been proven guilty and, based on the minimal record before us, it appears that the time limitations on instituting prosecution on those

5

charges for which she was arrested have now expired. Thus, Ms. Manning is already innocent.

Furthermore, the supreme court in *Board of Commissioners of Orleans Levee District v. Connick*, 94-3161 (La. 3/9/95), 654 So.2d 1073, similarly found no cause of action for a declaratory judgment wherein the plaintiff sought a determination of criminal culpability in civil court. The supreme court reviewed whether a preliminary injunction could be granted to prevent the district attorney from investigating certain gambling crimes and also whether a declaratory judgment that the district attorney has no power to prosecute a person operating under a license to conduct riverboat gaming activities could be issued. The supreme court found that both a preliminary injunction and declaratory judgment in this case would threaten "the district attorney's authority to investigate and prosecute state criminal offenses[.]" *Id*. at 1077. The plaintiffs failed to demonstrate an exceptional circumstance which would permit the preemption of a criminal prosecution by civil relief. The supreme court explained:

> Our jurisprudence admits of only a limited number of instances in which a state criminal prosecution may be enjoined prior to the institution of criminal proceedings in a court exercising criminal jurisdiction, *i.e.*, prior to the filing of a misdemeanor affidavit or bill of information by the district attorney or the issuance of an indictment by a legally constituted granted jury. *See* La. Const. Art. I, § 15; LSA-C.Cr.P. Art. 382. These limitations upon the power of a court exercising civil jurisdiction arise from a respect for the constitutional prerogative of the district attorney, as well as an appreciation of the different purposes served by a trial court's exercise of civil, as opposed to criminal, jurisdiction.

*Id*. The supreme court concluded:

> If the district attorney is incorrect in his appreciation of the criminality of a given defendant's course of conduct, the remedy is a fair trial or any of the pretrial remedies, such as a motion to quash, afforded by our Code of Criminal Procedure. *Id*. The district attorney . . . has the right and the duty to ferret out wrongdoers wherever he perceives

6

them to be lurking, and then to bring them before a tribunal exercising criminal jurisdiction so that their guilt or innocence may be determined from the facts and the law adduced in that forum. A preliminary injunction in this case . . . would deny that right and undermine that duty. . . .

Furthermore, the same principles which militate against the issuance of the preliminary injunction also instruct us that the declaratory judgment action below should not be maintained. **The root of our holding today is that a criminal prosecution may be preempted by recourse to civil relief only in exceptional circumstances—those of constitutional significance—which the appellants here have failed to demonstrate.** This determination is a result of the balancing of the plaintiff's interest in obtaining civil relief against the district attorney's right to investigate and prosecute state crimes, a balancing which is weighted towards the district attorney because of the singular interest of the sovereign in criminal matters and the way in which that interest is vindicated in the criminal justice system.

The lawsuit for a declaratory judgment filed by the Levee Board is an attempt to bypass this system by obtaining a preliminary judicial determination of lack of criminal culpability in a forum which is not intended nor designed for the resolution of criminal matters, *i.e.* it is an attempt to bypass the criminal justice process. However, the Levee Board has failed to demonstrate any of the extraordinary and overriding constitutional concerns which might permit such a circumvention of this process. Thus, for the same reasons posited in the preceding subsection of this opinion, **we conclude that the Levee Board's petition fails to state a cause of action sufficient to maintain a declaratory judgment action seeking a preliminary determination of the merits of a prospective criminal prosecution.**

*Id*. at 1081 (emphasis added).

A declaratory judgment of factual innocence as requested in this case would have the effect explained in *Connick*—issues of "direct interest to the sovereign" would not be resolved according to the criminal procedural rules. *Id*. at 1080. Additionally, it would "bypass" the criminal justice system by "obtaining a preliminary judicial determination of lack of criminal culpability in a forum which is not intended nor designed for the resolution of criminal matters." *Id*. at 1081. Furthermore, Ms. Manning's petition does not assert a justiciable controversy to be

7

resolved via a declaratory judgment. Thus, we agree with the trial court that Ms. Manning's petition does not state a cause of action.

**DECREE:**

For the foregoing reasons, we find no error in the trial court's grant of the District Attorney's exception of prematurity and exception of no cause of action. The remaining exceptions are rendered moot upon this finding. The trial court's judgment is affirmed at Appellant's cost.

**AFFIRMED.**

OCEAN JASMINE MANNING

VERSUS

STATE OF LOUISIANA

**Cooks, J. dissents.**

Ocean Jasmine Manning (Plaintiff) asserts she is factually innocent of the spurious charges filed against her by her ex-husband in Louisiana. After becoming involved in the matter, the District Attorney said on the record, and again in this court, that he will not prosecute her for this, or any other offense, based on these allegations. The majority says it is sufficient for Plaintiff that the law presumes her innocent until proven guilty. However, this presumption has not prevented the court in her home state of Oklahoma from using the fact of her arrest in Louisiana in making its adverse determinations in the custody battle over her children who were the subjects of her arrest in Louisiana. Her attorney has proceeded along the only procedural avenue available for Plaintiff to procure a Louisiana judicial determination that she is indeed factually innocent of the spurious charges which were the basis of her arrest in Louisiana and subjected her to the embarrassment of an amber alert regarding her children. Contrary to the majority's ruling, a declaratory judgment action is not only the *proper vehicle* for Plaintiff to pursue relief in a court of competent jurisdiction, *it is her only means* to right this *public stain and invasion of her right to privacy*. This right to privacy forms the foundation of the Innocence Compensation Fund provisions set forth in the Louisiana Administrative Code, Part III, Subpart 8. There, in 22 La. Admin. Code Pt III, §301, (emphasis added) the legislature sets forth the purpose and scope of the Innocence

1

Compensation Fund and ground it in the **State's belief that an individual's right to privacy is dramatically affected by false conviction and the records created thereby. The referenced codal provisions state:**

**A.** *In keeping with congressional findings that the privacy of an individual is directly affected by the collection, maintenance, use and dissemination of personal information;*

B. recognizing that to the extent that the maintenance of personal information is necessary for the efficient functioning of the government, *it is the moral and legal obligation of the government* to assure that the personal information maintained is, to the maximum extent feasible, complete and accurate;

B. being convinced that it is of utmost importance that the integrity of personal information records be zealously protected;

D. recognizing that the increasing use of computers and sophisticated information technology, while essential to the operations of government, *has greatly magnified the harm to individual privacy that can occur from any collection, maintenance, use, or dissemination of personal information;*

E. *realizing that opportunities for an individual to secure employment, insurance, credit, and his right to due process, and other legal protections are endangered by the misuse of certain information systems;*

F. <u>*acknowledging that the right to privacy is a personal and fundamental right protected by the constitution of the United States;*</u>

G. responding to the authority granted in 42 United States Code 3701, et seq.; 28 United States Code 534; 28 Code of Federal Regulations, Chapter 1, Section 20; R.S. 15:575 et seq.; 49:951 et seq.; and Executive Designation dated November 14,1975; and

H. acting with the intent of protecting and furthering the interests of the citizens of the state of Louisiana, the Privacy and Security Committee of the Criminal Justice Information System Division of the Louisiana Commission on Law Enforcement and Administration of Criminal Justice (LCLE) does hereby issue these privacy and security regulations for the following purposes, and with the following scope and limitations:

I. **it is the purpose of these regulations to provide safeguards for an individual against an invasion of his personal privacy, and to promote, to the maximum extent feasible, the adoption of procedures to ensure the completeness, accuracy, and integrity of criminal history record information collected, maintained, and disseminated by criminal justice agencies.** This will be accomplished by requiring those agencies affected to permit an individual to

2

determine what criminal history record information pertaining to him is collected, maintained, used, or disseminated by such agencies; permit an individual to gain access to criminal history record information pertaining to him in the records of affected agencies, to have a copy made of all or any portion thereof, and to correct or amend such records; and collect, maintain, use, or disseminate any record of criminal history information in a manner that assures that such action is for a lawful purpose, that the information is current and accurate for its intended use, and that adequate safeguards are provided to prevent the misuse or unauthorized alteration or destruction of such information.

In the definitions section of these provisions the term factual innocence "is defined as the petitioner did not commit the crime for which he was convicted and incarcerated nor did he commit any crime based upon the same set of facts used in his original conviction." 22 La. Admin. Code Pt. III, §8103. **Unfortunately for Plaintiff, she is not protected by these regulations because they <u>do not cover an arrest without a conviction.</u>** For the purpose of these regulations a petitioner entitled to relief under these provisions is defined as one who "did not commit the crime for which he was convicted and incarcerated nor did he commit any crime based upon the same set of facts used in his original conviction." *Id*. *But the same principle underpinning the referenced administrative regulations holds true for Plaintiff's arrest record which she says is without any factual basis.*

Plaintiff, a resident of Oklahoma, was arrested in that state on June 22, 2015, and extradited to Lafayette, Louisiana. Plaintiff was charged with three counts of abuse of children/false reports, violations of La.R.S. 14:403(A)(3); two counts of criminal mischief/false report or complaint, violations of La.R.S. 14:59(A)(5), and three counts of cruelty to juveniles, violations of La.R.S. 14:93(A)(1). This record does not contain any information regarding the alleged factual basis for these charges. All counts involved her seven-year old son and nine-year old daughter who reside with their father in Louisiana as provided in an Oklahoma custody decree. **The District Attorney for the Fifteenth Judicial District, Parish of Lafayette, (District Attorney) indicated in the hearing before the trial court that its office**

3

**"has no intent to prosecute" Plaintiff for these offenses.** In its brief to this court, the District Attorney states it "**has already closed its file, having determined that it will not prosecute Plaintiff/Appellant for this arrest**" (emphasis added). Plaintiff filed a Petition for Declaratory Judgment seeking a judgment of factual innocence concerning these charges as the "[only] remedy to clear her name and to rectify these false charges of criminal conduct against or otherwise involving her children."

Plaintiff asserts her arrest was "widely publicized both in Louisiana and Oklahoma," including the issuance of an amber alert. She maintains that "no bill of information or indictment was ever filed in connection with these arrests, and Plaintiff has not been in any way prosecuted." Plaintiff also asserts she has "never committed any of these alleged crimes and is factually innocent." According to Plaintiff's allegations her arrest on these charges has "gravely prejudiced" her in the ongoing custody litigation in Oklahoma.

The District Attorney filed exceptions of improper citation and insufficiency of service of process, lack of subject matter jurisdiction, prematurity, improper joinder, prescription, no cause of action and no right of action. The District Attorney maintains there is no "legal or procedural vehicle under Louisiana law by which a 'declaration of factual innocence' may be made." After a hearing on these exceptions the trial court granted all the District Attorney's exceptions and dismissed Plaintiff's petition.

Louisiana Code of Civil Procedure Article 1811 empowers our courts to render declaratory judgments and instructs that these provisions are "**remedial [and are to be] liberally construed and administered**" (emphasis added).

> A declaratory judgment is a form of relief, the purpose of which is to alleviate uncertainty and insecurity with respect to rights, status, and other legal relations. La. C.C.P. art. 1881. Declaratory judgments may function to express the opinion of the court on a legal question without ordering anything to be done.

4

> *Williams v. City of Baton Rouge*, 020339 (La. App. 1 Cir. 2/14/03), 84
> 8 So.2d 9, 13.
>
> A party is entitled to relief by declaratory judgment when "his
> rights are uncertain or disputed in an immediate and genuine situation,
> and the declaratory judgment will remove the uncertainty or terminate
> the dispute." *Spicer v. Spicer*, 2010-1577 (La. App. 1 Cir. 3/25/11), 62
> So.3d 798, 800.

*Greene v. Greene*, 19-37, p. 14 (La.App. 5 Cir. 12/11/19), 286 So.3d 1103, 1114–15.

> Louisiana Code of Civil Procedure Article 1876 (emphasis added) provides:
>
> Courts of record within their respective jurisdictions
> may declare rights, status, and other legal relations **whether or not
> further relief is or could be claimed. No action or proceeding shall
> be open to objection on the ground that a declaratory judgment or
> decree is prayed for; and the existence of another adequate remedy
> does not preclude a judgment for declaratory relief in cases where
> it is appropriate.** The declaration shall have the force and effect of a
> final judgment or decree.

Contrary to the District Attorney's assertion, Plaintiff's action for declaratory judgment is not a criminal matter. Louisiana Code of Civil Procedure Article 1879 provides, when the proceeding in which a declaratory judgment is sought involves an issue of fact the "issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." This article also empowers courts to "refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding." *Id*. This proceeding brought by Plaintiff seeks to have the court determine whether she is factually innocent of the charges for which she was arrested. It is axiomatic in the United States, and this state, that every person accused of a criminal offense is presumed innocent until proven guilty. But, contrary to the majority's view, that presumption offers no resolution to Plaintiff who asserts that she was arrested without justification and that there is no factual basis for the arrest, i.e., she is

factually innocent. Such a determination would establish more than a presumption. Moreover, that presumption has not impeded the Oklahoma court's consideration of Plaintiff's arrest in Louisiana which allegedly involved her children at issue in the custody matter.

In *Jefferson Par. Hosp. Serv. Dist. No. 2, Par. of Jefferson v. Hosp. Serv. Dist. No. 1 of Par. of St. Charles*, 16-702 p. 9-10 (La.App. 5 Cir. 4/12/17), 218 So.3d 696, 704, *writ denied*, 17-960 (La. 10/9/17), 227 So. 3d 832 (citations omitted)(quoting *Abbott v. Parker*, 259 La. 279, 249 So.2d 908, 918 (La. 1971)), the fifth circuit, after a thorough examination of our state supreme court jurisprudence on the subject of what constitutes a justiciable controversy, summed it up as follows:

> A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
> *Id.*

There is no question Plaintiff presents a justiciable controversy that begs for immediate resolution in a court of competent jurisdiction. She alleges that the mere fact of her arrest record has been, and is being used, against her in an ongoing custody dispute in the courts of her home state of Oklahoma. The District Attorney claims he can do no more than tell Plaintiff that the case is closed and that he will not prosecute her for the alleged offenses. Plaintiff's situation is not hypothetical or abstract, it is quite real and exposes her to devastating consequences. Her claim of factual innocence is adverse to the District Attorney's position that he can only say he will not prosecute. But his bare bones statement is of no use to Plaintiff as it has no evidentiary value in the Oklahoma courts. As noted above, **Plaintiff has a**

**"legally protectable and tangible interest at stake,"** *Id***., her right to privacy recognized by both the U.S. and Louisiana Constitutions**.

The District Attorney asserts that there is "no procedure in Louisiana law for a determination of factual innocence." The District Attorney further asserts that Plaintiff's sole remedy is provided in the expungement provisions found in La.Code Crim.P. arts. 973-76 and La.R.S. 15:572.8. The majority agrees with that erroneous proposition. The *limited remedy* provided in these laws *offers no solution* to Plaintiff's situation because even if she may avail herself of expungement of arrest provided in La.Code Crim P. art. 976(A)(2)[1] **the record of her arrest may be used for numerous purposes and in numerous circumstances [2] including the ongoing**

---

[1]   "A person may file a motion to expunge a record of his arrest for a felony or misdemeanor offense that did not result in a conviction if any of the following apply:

(2) The district attorney for any reason declined to prosecute any offense arising out of that arrest."

La.Code Crim P. art. 976(A)(2).

[2]

> A. An expunged record of arrest or conviction shall be confidential and no longer considered to be a public record and shall not be made available to any person or other entity except for the following:
>
> (1) To a member of a law enforcement or criminal justice agency or prosecutor who shall request that information in writing, certifying that the request is for the purpose of investigating, prosecuting, or enforcing criminal law, for the purpose of any other statutorily defined law enforcement or administrative duties, or for the purposes of the requirements of sex offender registration and notification pursuant to the provisions of R.S. 15:540 et seq.
>
> (2) On order of a court of competent jurisdiction and after a contradictory hearing for good cause shown.
>
> (3) To the person whose record has been expunged or his counsel.
>
> (4) To a member of a law enforcement or criminal justice agency, prosecutor, or judge, who requests that information in writing, certifying that the request is for the purpose of defending a law enforcement, criminal justice agency, or prosecutor in a civil suit for damages resulting from wrongful arrest or other civil litigation and the expunged record is necessary to provide a proper defense.
>
> B. Upon written request therefor and on a confidential basis, the information contained in an expunged record may be released to the following entities that shall maintain the confidentiality of such record: the Office of Financial Institutions, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry, the Louisiana State Board of Examiners of Psychologists, the Louisiana Board of Pharmacy, the Louisiana State Board of Social Work Examiners, the Emergency Medical Services Certification

**custody action in Oklahoma**. Without a declaration of her factual innocence Plaintiff is powerless to convince the court in Oklahoma, or for example a licensing board in Louisiana, or obtaining a gun permit, that there was no basis for the arrest. *Even with an expungement, the reasons as to why the District Attorney decided not to prosecute remain unknown and are left to speculation.* **Presently, the mere fact of the arrest, coupled with the fact that the time to prosecute her has not expired, can be, and she alleges is being, used against her in the custody action involving her minor children**. And this is so despite the representations by the

---

Commission, Louisiana Attorney Disciplinary Board, Office of Disciplinary Counsel, the Louisiana Supreme Court Committee on Bar Admissions, the Louisiana Department of Insurance, the Louisiana Licensed Professional Counselors Board of Examiners, the Louisiana State Board of Chiropractic Examiners, or any person or entity requesting a record of all criminal arrests and convictions pursuant to R.S. 15:587.1, or as otherwise provided by law.

. . . .

E. Nothing in this Article shall be construed to limit or impair in any way the subsequent use of any expunged record of any arrests or convictions by a law enforcement agency, criminal justice agency, or prosecutor including its use as a predicate offense, for the purposes of the Habitual Offender Law, or as otherwise authorized by law.

F. Nothing in this Article shall be construed to limit or impair the authority of a law enforcement official to use an expunged record of any arrests or convictions in conducting an investigation to ascertain or confirm the qualifications of any person for any privilege or license as required or authorized by law.

G. Nothing in this Article shall be construed to limit or impair in any way the subsequent use of any expunged record of any arrests or convictions by a "news-gathering organization". For the purposes of this Title, "news-gathering organization" means all of the following:

(1) A newspaper, or news publication, printed or electronic, of current news and intelligence of varied, broad, and general public interest, having been published for a minimum of one year and that can provide documentation of membership in a statewide or national press association, as represented by an employee thereof who can provide documentation of his employment with the newspaper, wire service, or news publication.

(2) A radio broadcast station, television broadcast station, cable television operator, or wire service as represented by an employee thereof who can provide documentation of his employment.
H. Nothing in this Article shall be construed to relieve a person who is required to register and provide notice as a child predator or sex offender of any obligations and responsibilities provided in R.S. 15:541 et seq.

La. Code Crim. Proc. Ann. art. 973.

District Attorney to the trial court and this court that it has "closed the case" and "will not prosecute Plaintiff" on these charges. Plaintiff's constitutional right to privacy demands that she is afforded an opportunity to seek remedial relief by maintaining this declaratory judgment action.

I am bolstered in this conclusion by the fact that **our law does provide for a determination of factual innocence when an arrest leads to a faulty conviction**. In tandem with the regulations set forth above concerning the Innocence Compensation Fund, La.Code Crim.P. art. 976 A(4) provides for the filing of a motion to expunge a record of *arrest and conviction* for a felony or misdemeanor offense if "[t]he person was judicially determined to be factually innocent and entitled to compensation for a wrongful conviction pursuant to the provisions of [La.]R.S. 15:572.8." Under such a circumstance the person's *arrest* and *conviction* are expunged "***without the limitations*** or time delays imposed by the provisions of this Article or any other provisions of law to the contrary." *Id*. (emphasis added). That is to say that when the arrest leads to an unlawful conviction and the person successfully sues the state and is found *factually innocent*, the record of the arrest is truly *removed* and *cannot be used for the myriad of uses allowed otherwise in expungements.* **Plaintiff's only remedy is to bring a declaratory judgment action**. Her injury is real and ever-present, and if she succeeds in establishing that she is factually innocent of the charges the declaration will "have the force and effect of a final judgment or decree" and it will "settle and afford relief from [the] uncertainty and insecurity with respect to [her] rights, status, and other legal relations." La.Code Civ.P. arts. 1871, 1881. And as I have already said, the law instructs that this procedure is to be "**liberally construed and administered**" (emphasis added). *Id*.

Louisiana Code of Civil Procedure Article 1880 mandates that "When declaratory relief is sought, all persons shall be made parties who have or claim any

interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding…" Plaintiff named as "defendant" in her declaratory judgment action "The State of Louisiana." In her petition she further states: "Defendant State of Louisiana is a political entity authorized to prosecute crimes, and is sued herein through the District Attorney for the Parish of Lafayette, 15th Judicial District." Plaintiff directs the trial court to "cite and serve [the] Hon. Keith Stutes, District Attorney, 15th JDC, 800 South Buchanan St., Lafayette, LA 70501." She did not request service on the Louisiana State Attorney General.

Plaintiff has sued the State of Louisiana because it is the State that would prosecute her, and it is through the District Attorney for the Fifteenth Judicial District Court that such prosecution is ordinarily determined. Plaintiff has included both the State and its authorized prosecutor in her action and has timely served the District Attorney. Under Louisiana Constitution Article V, §26(B) (1974) "[the] District Attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district." The District Attorney is also designated in this constitutional provision as "the representative of the state before the grand jury in his district, and [is designated as] the legal adviser to the grand jury." *Id*.

Louisiana Revised Statutes 13:5107 provides specific instructions regarding citation and service for all suits filed against the state of Louisiana and its political subdivisions, departments, offices, boards, commissions, agencies or instrumentalities, though not without some ambiguities:

> In all suits filed against the state of Louisiana or a state agency, citation and service *may* be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state*, and* on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending

10

upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

Service *shall* be requested *upon the attorney general* within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). *However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.*

In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. If no agent or agents are designated for service of process, as shown by the lack of such designation in the records of the secretary of state, *citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person*, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

Thus, service in any suit against the State and any of its officers, agents, its political subdivisions or instrumentalities depends "on the identity of the named defendant and the identity of the named board, commission, department, agency, or officer *through which or through whom* suit is [] filed against." La.R.S. 13:5107(A) and (B) (emphasis added). Plaintiff sued the State through the District Attorney as the proper entity designated by the State with the primary responsibility for deciding whether to prosecute her for the offenses for which she was initially arrested. The Louisiana Supreme Court in *Knapper v. Connick*, 96-434, p. 3 (La. 10/15/96), 681 So.2d 944, 946 reiterated its earlier holding in *Diaz v. Allstate Insurance Co.,* 433 So.2d 699 (La.1983), "that state prosecuting attorneys are constitutional officers who serve in the judicial branch of the government." In *Foster v. Powdrill*, 463

So.2d 891, 893 (La.App. 2 Cir. 1985) (emphasis added) the second circuit, also relying on *Diaz*, held:

> A district attorney ". . . is a constitutional officer who serves in the judicial branch and *exercises a portion of the sovereign power of the state within the district of his office." Diaz v. Allstate Ins. Co.,* 433 So.2d 699 (La.1983) at p. 701. The office, duties, and powers of the district attorney are governed by the legislature and constitution and are not subject to local control. *The office of the district attorney is an office of the state* rather than of the local government. *Diaz v. Allstate Ins. Co.,* supra.

Additionally, the Louisiana Code of Criminal Procedure includes two articles concerning the power and authority of the District Attorney and its relationship to the state and the attorney general:

> Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

La.Code Crim.P. art. 61.

> The attorney general shall exercise supervision over all district attorneys in the state.

> The attorney general has authority to institute and prosecute, or to intervene in any proceeding, as he may deem necessary for the assertion or protection of the rights and interests of the state.

La.Code Crim.P. art. 62.

In *Whitley v. State ex rel. Bd. of Supervisors of Louisiana State Univ. Agr. Mech. Coll.*, 11-40, p. 18 (La. 7/1/11), 66 So.3d 470, 481, the supreme court held:

> Considering the legislature's use of the permissive word "may" in LSA–R.S. 13:5107, we find that multiple requests for service by the plaintiff within the 90–day period are not mandatory. Therefore, timely request for service on one of the listed entities/persons was sufficient.

Thus, under *Whitley*, service on the District Attorney in this suit would be sufficient. But, after the decision in *Whitley*, the statute was amended in 2012. In a recent case before the second circuit, *Lathan Co., Inc. v. Div. of Admin.*, 17-396 (La.App. 1 Cir. 1/24/19), 272 So.3d 1, *writ denied*, 19-331 (La. 4/29/19), 268 So.3d 1036, the appellate court considered a case in which the plaintiff filed suit, based on

12

breach of contract, naming the State of Louisiana as a defendant. There the plaintiff requested service on "the State of Louisiana, Department of Administration, Office of Planning and Control," *Id.* at 2, much as Plaintiff here requested service on the "District Attorney for the Fifteenth Judicial District Court." The plaintiff in *Latahn*, like Plaintiff here, did not name the attorney general as a defendant and did not ask that it be served. In *Lathan* "[t]he State filed a declinatory exception of insufficiency of service of process asserting that Lathan failed to request service of the petition [on the attorney general] within ninety days of commencement of the action, as prescribed by La. Code Civ. P. art. 1201(C) and La. R.S. 13:5107(D)(1)." *Id.* at 3. In this case the District Attorney filed the same exception based on the same assertion along with several other exceptions. The trial court denied the exception in *Lathan*. Here it granted the exception. In its opinion in *Lathan*, affirming the trial court, the second circuit gave a thorough discussion of whether and to what extent *Whitley* is still the law and the consequences under the current law for failure to serve the attorney general.

The appellate court first set forth the standard of review for such cases challenging a ruling on the exception:

> A district court's ruling on an exception of insufficiency of service of process is reviewed under the manifest error standard. *In Re Professional Liability Claim of Snavely*, 2015-207 (La. App. 3rd Cir. 11/4/15), 178 So.3d 614, 619; *Davis v. Caraway*, 2014-264 (La. App. 5th Cir. 10/29/14), 164 So.3d 223, 225. However, when the facts are not disputed and the issue before this court is whether the district court properly interpreted and applied the law, the standard of review for questions of law is simply a review of whether the district court was legally correct or incorrect. See *Babcock v. Martin*, 2016-0073 (La. App. 1st Cir. 9/16/16), 2016 WL 4973229 (unpublished).

*Id.* at 4.

In *Lathan*, as here, the defendant asserted that service on the attorney general is mandatory according to the express provision of La.R.S. 13:5107(A)(2) as

amended in 2012.  Prefacing its discussion of the post *Whitley* changes in the statute the appellate court noted, and we too, note here:

> The supreme court in *Whitley*, 66 So.3d at 478, also pointed out that *the consequences for dismissal are harsh and there is a policy in favor of maintaining actions*. The *Whitley* court concluded that if the legislature's word choice makes La. R.S. 13:5107(A) susceptible to two possible constructions, the statute should be construed in favor of maintaining the plaintiff's claim.

*Lathan*, 272 So. 3d at 9 (emphasis added).

Continuing in its analysis, the first circuit examined the change in the statute after *Whitley* and concluded that under the new language added in 2012, service on the attorney general is mandatory, *but the failure to serve it does not require dismissal*.

> After the supreme court's decision in *Whitley*, the statute was amended by the addition of subsection (A)(2), effective on June 12 2012, but subsection (A)(1) was not changed. Thus, subsection (A)(1) as pointed out in *Whitley* uses the permissive "may" giving three persons who can be served, but subsection (A)(2) uses the mandatory "shall" stating that the attorney general "shall" be served within ninety days. *See* La. Code Civ. P. art. 5053 (The word "shall" is mandatory, and the word "may" is permissive.) A review of the legislative history from the 2012 House Legislative Services digest states that the "proposed law [La. R.S. 13:5107 presented as SB 308 and enacted as Act. No. 770] retains prior law and adds that service shall be requested upon the attorney general within 90 days of filing suit" and in the summary of house amendments to the senate bill specifies "that service 'shall' not 'must', be requested on the attorney general within 90 days of filing suit." Louisiana Resume Digest, S.B. 308, 2012 Reg. Sess. (La. 2012). (The language of the original bill which stated "must" was changed to "shall" by the house committee on civil law and procedure.)
>
> Under well-established rules of statutory interpretation, a more detailed provision prevails over a more general provision addressing the same subject matter, and the latest prevails over previously enacted conflicting provisions. *See Black v. St. Tammany Parish Hospital*, 2008-2670 (La. 11/6/09), 25 So.3d 711, 717; *see also Malone v. Shyne*, 2006-2190 (La. 9/13/06), 937 So.2d 343, 352. To the extent that section (A)(1) may be construed to conflict with section (A)(2), the latter, a more recent and more specific provision, prevails. *State ex rel. Moreau v. Castillo*, 2007-1865 (La. App. 1st Cir. 9/24/07), 971 So.2d 1081, 1083, (per curiam), *writ denied*, 2007-1900 (La. 9/28/07), 964 So.2d 349, *cert. denied*, 552 U.S. 1110, 128 S.Ct. 896, 169 L.Ed.2d 748 (2008).

14

Furthermore, the last sentence of subsection (A)(2) points out that "the duty of the defendant served through the attorney general to answer the suit or file responsive pleadings does not commence to run until the **additional service required upon the department, board, commission, or agency head has been made**." *This language clearly contemplates that service upon the attorney general **as well as** an additional service is required in suits against the State or a state agency.*

However, while we agree with the State that service upon the attorney general is mandatory, *the statute thereafter becomes unclear about what effect the failure to timely request service on the attorney general has on plaintiff's suit.* The language mandating service on the attorney general is in subsection (A)(2), but the consequence for the failure to timely request service is in subsection (D)(2) and provides the result of the failure to serve a *party* only under subsection (D). Subsection (D)(2) states "[i]f service is not requested by the party filing the action within the period required in *Paragraph (1) of this Subsection*, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by *Paragraph (1) of this Subsection*." (Emphasis added.) Furthermore, the general provision regarding service of process requires service on "all named defendants within ninety days of commencement of the action" and the attorney general is not a "named defendant" in Lathan's petition. *See* La. Code Civ. P. art. 1201(C).

Considering the harsh consequence of dismissal and the policy favoring maintaining actions, *we conclude that the legislature's addition of (A)(2) mandating service on the attorney general without providing the consequences for failure to timely request service on the attorney general creates a gap in the law and this gap should be construed in favor of maintaining Lathan's claim. See Whitley,* 66 So.3d at 478. *Cf. Lima v. Schmidt,* 595 So.2d 624, 629 (La. 1992) (holding that of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the claim). Having determined that the law is unclear regarding what the consequences are for Lathan's failure to serve the attorney general, we conclude that dismissal under La. R.S. 13:5107 is not mandatory. . .

*Lathan*, 272 So. 3d at 9-10 (emphasis in original and added).

Likewise, in this case, I acknowledge that under the current language of La.R.S. 13:5107, Plaintiff must serve her petition on the attorney general, but *her failure to do so does not result in the dismissal of her action at this stage of the proceeding.*

15

The only mechanism available to Plaintiff to remove the taint of her arrest on charges for which she may well be factually innocent is the declaratory judgment action.  The majority leaves Plaintiff without a remedy to fill the gap left in Louisiana legislation meant to protect everyone's constitutional right to privacy infringed upon by unlawful arrests and convictions.  Our law and jurisprudence, however, affords Plaintiff a means to fill the gap and enjoy her constitutional right thus far infringed upon by her ex-husband to foster his position in a custody fight.